Case 1:23-cr-20230-FAM   Document 1   Entered on FLSD Docket 06/02/2023   Page 1 of 7

FILED BY \_\_**MC**\_\_ D.C.

Jun 1, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **23-20230-CR-MORENO/GOODMAN**

18 U.S.C. § 1343
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA

v.

KIANDRE GLEE,

    Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

#### *The Small Business Administration*

1. The United States Small Business Administration ("SBA") was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

2. As part of this effort, the SBA enabled and provided for loans through banks, credit unions, and other lenders. These loans had government-backed guarantees.

#### *The Economic Injury Disaster Loan Program*

3. One response to the COVID-19 outbreak was an expansion of an existing disaster-related program – the Economic Injury Disaster Loan ("EIDL") – to provide for loan assistance

for small businesses and other eligible entities for loans up to $2 million. The EIDL proceeds could have been used to pay fixed debts, payroll, accounts payable, and other bills that could have been paid had the disaster not occurred; however, such loan proceeds were not intended to replace lost sales or profits, or for the expansion of a business.

4. Unlike certain other types of SBA-guaranteed loans, EIDL funds were issued directly from the United States Treasury, and applicants applied for EIDL funds directly through the SBA via an online portal and application. The EIDL application process, which also used certain outside contractors for system support, collected information concerning the business and the business owner, including: information about the gross revenues for the business prior to January 31, 2020; and the cost of goods sold. Applicants electronically certified that the information provided was true and accurate and were warned that any false statement or misrepresentations to the SBA, or any misapplication of loan proceeds may result in sanctions, including criminal penalties.

5. EIDL applications were received in and processed using computer servers located in the states of Iowa, Virginia, and Washington. EIDL disbursement payments were initiated by the SBA using computer servers located in the state of Colorado, which transmitted the payment information to the Treasury using computer servers located in the state of Virginia.

### *The Defendant and Related Entities and Individuals*

6. **KIANDRE GLEE** was a resident of Miami-Dade County, Florida.

## COUNT 1
## Wire Fraud
## (18 U.S.C. §1343)

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. From in or around July 2020, and continuing through in or around December 2020, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**KIANDRE GLEE,**

did knowingly, and with the intent to defraud, devise and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communications in interstate commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

### OBJECT OF THE SCHEME AND ARTIFICE

3. It was the object of the scheme and artifice for the defendant and his accomplices to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of a false and fraudulent application for a loan made available through the SBA to provide relief for the economic effects caused by the COVID-19 pandemic, namely an EIDL; and (b) diverting fraud proceeds for the defendant's and his accomplices' personal use and benefit.

### THE SCHEME AND ARTIFICE

The manner and means by which the defendant and his accomplices sought to accomplish the object and purpose of the scheme and artifice included, among others, the following:

4. **KIANDRE GLEE** and his accomplices submitted and caused the submission of a fraudulent EIDL loan application under the name of **GLEE**, using the Social Security Number, mailing address, email address, phone number, and personal Space Coast Credit Union bank account of **GLEE**.

5. In furtherance of the scheme, **GLEE** and his accomplices falsely and fraudulently represented in an EIDL loan application that a business was formed in 2018 with the legal name "Kiandre Glee" and the trade name "Kiandre Glee," as well as the amount of revenue and cost of goods sold for said business from January 31, 2019 to January 31, 2020.

6. As a result of the false and fraudulent EIDL loan application submitted as part of this scheme, the SBA disbursed EIDL proceeds in the approximate amount of $44,100 to **GLEE** at his Space Coast Credit Union bank account ending in 1028, of which **GLEE** was the sole signatory, via interstate wire transmissions.

## USE OF THE WIRES

7. On or about August 4, 2020, in the Southern District of Florida, and elsewhere, **KIANDRE GLEE**, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false or fraudulent when made, did knowingly cause to be transmitted in interstate and foreign commerce, by means of wire communications, certain writings, signs, signals, pictures, and sounds, that is, the disbursement of EIDL proceeds in the approximate amount of $44,100 on behalf of the SBA to **KIANDRE GLEE**, causing a wire transmission from outside the State of Florida to the Southern District of Florida.

In violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **KIANDRE GLEE**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1343, as alleged in this Indictment, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to such violation.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Sections 2461(c).

A TRUE BILL

FOREPERSON

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

AUDREY PENCE TOMANELLI
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

KIANDRE GLEE,

_____/
Defendant.

CASE NO.: _____

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of counts _____

**Court Division** (select one)
☒ Miami     ☐ Key West     ☐ FTP
☐ FTL       ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect: _____

4. This case will take  2-3  days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                (Check only one)
   I    ☒ 0 to 5 days               ☐ Petty
   II   ☐ 6 to 10 days              ☐ Minor
   III  ☐ 11 to 20 days             ☐ Misdemeanor
   IV   ☐ 21 to 60 days             ☒ Felony
   V    ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

By: /s/ Audrey Pence Tomanelli
Audrey Pence Tomanelli
Assistant United States Attorney
Court ID No.   A5503001

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** KIANDRE GLEE

**Case No:** _____

Wire Fraud

Title 18, United States Code, Section 1343
* Max. Term of Imprisonment: 20 Years
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 Years
* Max. Fine: $250,000

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.